EDWARDS, Judge.
James E. Kemp, d/b/a Capital Leasing Company, sues John D. Belcher, Jr. to collect, by virtue of an acceleration clause, the remaining rent payments under a written lease. The trial court rendered judgment for plaintiff, awarding the rent and attorney’s fees, but allowed defendant a credit for the equipment not delivered timely. From this judgment, defendant appeals.
*1026 On January 16, 1975, the parties entered into a written lease concerning five pieces of equipment; one (1) Ann Arbor paper baler; one (1) Superior Shredder; one (1) ECOA dock board; one (1) Clark fork lift; and one (1) air compressor. The term of the lease was thirty-six (36) months at a monthly rent of $337.45. The lease also provided that in the event of default on any payment, the remaining balance would become due, along with attorney’s fees at the rate of 15% on the amount in default.
At the time of the lease, the equipment (with the exception of the dock board which was on order) was at a warehouse in Hammond, where it had previously been inspected by defendant. Defendant was responsible under the lease for transporting the equipment from the warehouse. Defendant signed an acceptance notice acknowledging receipt of the equipment; thereafter, he removed all the equipment from the warehouse with the exception of the air compressor, which was not needed at that time. Defendant paid the storage cost at the warehouse for the air compressor and did not return to remove it for several months. Upon defendant’s return, a dispute arose regarding the ownership of the compressor and as a result defendant did not obtain possession of this piece of equipment. Additionally, defendant experienced a delay of approximately six months in receiving the dock board.
Defendant paid eleven payments under the lease and thereafter refused to make any further payments. The last payment was on February 18, 1976.
After amicable demand, plaintiff instituted this suit on May 3, 1976 for the twenty-five (25) monthly payments remaining on the lease.
The trial court awarded plaintiff the sum of $8,357.25, with interest, and attorney’s fees of twenty-five percent (25%) of the principal and interest due. This award represented the twenty-five monthly payments left under the lease, less two credits allowed by the trial court; a credit of $50.00 for the value of the air compressor which was never received and a credit of $64.00 because the delivery of the dock board was delayed approximately six months.
 Defendant contends that the nonpayment of rent was excused because plaintiff failed to deliver all the equipment under the lease.
Applicable in this case is LSA-C.C. article 2729, which provides:
“The neglect of the lessor or lessee to fulfill his engagements, may also give cause for a dissolution of the lease, in the manner expressed concerning contracts in general, except that the judge can not .order any delay of the dissolution.”
However, defendant did not place plaintiff in default or seek a dissolution of the lease, though he retained possession and use of the leased equipment. Under such circumstances, defendant remained liable for payment of the rent. LSA-C.C. art. 2710.
The trial court therefore properly allowed plaintiff to collect the balance of the rent under the acceleration clause, when defendant defaulted.
We also find that the allowance of a credit, for the equipment not delivered timely, was proper.
Plaintiff has conceded that the trial court erred in awarding attorney’s fees at the rate of 25% when the lease allowed only 15%. We will accordingly reduce the attorney’s fees to that amount.
For the reasons assigned, the judgment of the trial court is amended to provide attorney’s fees at the rate of fifteen percent (15%) of the principal and interest due; and affirmed in all other respects at appellant’s cost.
AMENDED AND AFFIRMED.